Present:  All the Justices

UNION RECOVERY LIMITED PARTNERSHIP
                              OPINION BY JUSTICE LAWRENCE L. KOONTZ, JR.
v. Record No.  960329                    November 1, 1996

THOMAS E. HORTON, ET AL.

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        M. Langhorne Keith, Judge


     In this appeal we consider whether an assignee of a
promissory note from the Resolution Trust Corporation (RTC) is
entitled to the benefit of the statute of limitations available
under federal law to RTC as receiver of the insured depository
institution which originally held the note.  Adhering to the
common law rule that an assignee acquires the rights of the
assignor, we hold that the federal statute controls the
limitations period.

                              BACKGROUND

     The facts of the case are not in dispute.  On June 8, 1989,
Thomas E. Horton executed a promissory note in favor of Federal
Savings Bank of Virginia, F.S.B. (Federal) in the principal
amount of $80,000.  A variable rate of interest was payable
monthly on the note from August 1, 1989, and the principal was
due "ON DEMAND, BUT IF NO DEMAND IS MADE THEN ON JULY 1, 1990."
Robert J. Leipzig executed a partial guaranty of the note in the
amount of $20,000.

     Sometime prior to April, 1992, Horton defaulted on the note
and Leipzig defaulted on the guaranty.  On April 10, 1992, RTC
was appointed receiver for Federal and assumed control of its
assets, including the note and guaranty at issue.  On June 26,

1995, RTC assigned the note and guaranty to Union Recovery Limited Partnership (Union Recovery).

On August 30, 1995, Union Recovery filed a motion for judgment against Horton and Leipzig to recover on the note and guaranty.  Within the motion for judgment, Union Recovery asserted the applicability of the six-year statute of limitations afforded to RTC under the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA).  12 U.S.C. § 1821(d)(14)(A)(i). Both Horton and Leipzig filed pleas in bar contesting the application of the federal limitations period and asserting that any action on the note was barred by the running of the five-year statute of limitations provided for under Code § 8.01-246(2), which they alleged was the applicable state statute of limitations.

The parties filed briefs in support of their respective positions and presented argument to the trial court.  By order entered November 17, 1995, the trial court sustained the pleas of the statute of limitations and dismissed the motion for judgment with prejudice.

Union Recovery filed a motion for reconsideration.  In an opinion letter dated December 5, 1995 and adopted by reference in a subsequent order denying the motion for reconsideration, the trial court set forth the grounds for its decision.  Citing WAMCO, III, Ltd. v. First Piedmont Mortgage Corp., 856 F.Supp. 1076 (E.D. Va. 1994), the trial court held that the statute of limitations provided for in FIRREA was a right applicable only for suits brought by government chartered corporations.  As such,

the trial court reasoned, the right was personal to RTC, and Union Recovery could acquire only those rights RTC had under the note and guaranty instruments, not those which RTC had by virtue of its status as a receiver under FIRREA. We awarded Union Recovery an appeal.

## APPLICATION OF STATE AND FEDERAL STATUTE OF LIMITATIONS PERIODS

### Virginia Statute of Limitations

The note and its associated guaranty were executed in 1989 prior to the enactment of Title 8.3A, and, accordingly, this case is governed by the rules found in superseded Title 8.3. The parties have consistently treated the note as a pure demand note although it provided for a specific payment date if no demand was made. Under the provisions of Code § 8.3A-108(c), absent a demand, a note of this type becomes payable at a definite time on the fixed date with the cause of action accruing on that date. Because the issue is not relevant to the ultimate determination of this appeal, we will assume, without deciding, that the parties have correctly applied the rules of superseded Title 8.3 in their treatment of the note as a pure demand note. Under former Code § 8.3-122(1)(b), the cause of action on a pure demand note accrued upon its execution. Formerly, demand notes were subject to the five-year statute of limitations applicable to contracts generally. Code § 8.01-246(2).[*] Accordingly, Federal was required to sue on the note before June 8, 1994 to avoid an effective plea in bar of the statute of limitations.

---

[*]Title 8.3A now provides for a six-year statute of limitations on most forms of negotiable instruments. Code § 8.3A-118.

<u>Federal Statute of Limitations under FIRREA</u>

FIRREA, Pub. L. No. 101-72, 103 Stat. 277 (1989)(codified in disconnected sections of Titles 12 and 15 of the U.S. Code), governs the procedures under which federally chartered corporations acting as agents of the United States become receivers or conservators of failed federally insured financial institutions.  Its principal application is to the Federal Deposit Insurance Corporation (FDIC).  However, when acting as receiver of an insured depository institution, RTC is deemed to be an agent of the United States.  12 U.S.C. § 1441a(b)(1)(A). As such, RTC, as receiver, has the same rights and powers as does FDIC under FIRREA.  12 U.S.C. § 1441a(b)(4)(A).  Thus, although created for different purposes, RTC and FDIC are in all respects identically situated when acting as receivers in the name of the United States under FIRREA.

The relevant portions of FIRREA applicable to this appeal are found at 12 U.S.C. § 1821(d)(14)(A) and (B):

> (A) In general.  Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be--
>
> (i) in the case of any contract claim, the longer of--
>
> (I) the 6-year period beginning on the date the claim accrues; or
>
> (II) the period applicable under State law;
>
> . . . .
>
> (B) Determination of the date on which a claim accrues. For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the

later of--

(i) the date of the appointment of the Corporation as conservator or receiver; or

(ii) the date on which the cause of action accrues.

When RTC acquired the note and guaranty as receiver, it was entitled under FIRREA to institute actions on them under the longest period provided by the combined application of subsections A and B of 12 U.S.C. § 1821(d)(14).  Under the provisions of subsection B, RTC was permitted to advance the date of accrual of the causes of action to April 10, 1992, the date of its appointment as receiver.  It was further permitted to take the six-year statute of limitations of subsection A over the five-year statute of limitations available under state law.  Accordingly, RTC had until April 9, 1998 to sue upon the note and guaranty.

<u>DISCUSSION</u>

It is well established law in Virginia that an assignee obtains his rights from the assignor, and, thus, he is said to "stand in the shoes" of the assignor when pursuing an action on the contract or instrument assigned.  <u>See</u>, <u>e.g.</u>, <u>National Bank and Trust Company at Charlottesville v. Castle</u>, 196 Va. 686, 692-93, 85 S.E.2d 228, 232 (1955).  Thus, the sole question in this appeal is whether the statute of limitations contained in 12 U.S.C. 1821(d)(14)(A) and (B) applies to assignees of RTC, or do these assignees take their assignments subject only to the rights which would have accrued to the failed institution for which RTC is acting as receiver, thus becoming <u>de</u> <u>facto</u> assignees of the

institution.

In Mountain States Financial Resources Corp. v. Agrawal, 777 F.Supp. 1550 (W.D. Okla. 1991), the first reported case to address the application of FIRREA's statute of limitations provisions to an assignee of an agent corporation of the United States, the court held that the federal statute of limitations applied to an assignee of FDIC.  Id. at 1552.  The court reasoned that:

> An assignee stands in the shoes of the assignor, and acquires all of the assignor's rights and liabilities in the assignment.  This general principle and a strong public policy require that the FDIC's assignee acquire the six-year limitations period provided by § 1821(d)(14)(A).

Id.

Several courts have relied on the reasoning in Mountain States to extend to assignees of FDIC the six-year statute of limitations provided by 12 U.S.C § 1821(d)(14)(A)(i).  See, e.g., F.D.I.C. v. Bledsoe, 989 F.2d 805 (5th Cir. 1993); Remington Investments, Inc. v. Kadenacy, 930 F.Supp. 446 (C.D. Cal. 1996); White v. Moriarty, 19 Cal. Rptr. 2d 200 (Cal. Ct. App. 1993); Tivoli Ventures, Inc. v. Bumann, 870 P.2d 1244 (Colo. 1994); Cadle Co. II, Inc. v. Lewis, 864 P.2d 718 (Kan. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1613 (1994); Central States Resources Corp. v. First National Bank, 501 N.W.2d 271 (Neb. 1993).  In addition, a recent decision of the Appellate Court of Illinois has applied this same reasoning to a suit brought by an assignee of RTC.  Twenty First Century Recovery, Ltd. v. Mase, 665 N.E.2d 573 (Ill. Ct. App. 1996).

Disagreeing with the majority view, the court in <u>WAMCO</u>, the decision relied on by the trial court in this case, held that the five-year Virginia statute of limitations applied to a demand note assigned by RTC to WAMCO. <u>WAMCO</u>, 856 F.Supp. at 1088. In its analysis the court found that the statute plainly conferred the benefit of the six-year limitation on RTC in its status as receiver. As such, the court reasoned that the benefit is personal and, therefore, does not transfer to an assignee under existing common law rule. <u>Id.</u> at 1086. The court further found that public policy alone could not supply the right where the statute was silent. <u>Id.</u>

We do not concur in the view expressed in <u>WAMCO</u> and adopt the view taken by the majority of other federal and state jurisdictions. We find that application of the common law, even without reference to the public policy this would promote, mandates the application of the longer limitations period. As expressed by the United States Court of Appeals for the Fifth Circuit in <u>Bledsoe</u>, we hold that where "statutes are absolutely silent on [a] matter[, i]t is an axiomatic principle of statutory construction that in effectuating Congress' intent courts are to fill the inevitable statutory gaps by reference to the principles of the common law." <u>Bledsoe</u>, 989 F.2d at 810.

The extended statute of limitations is merely a mechanism for providing the receiver with an adequate time to pursue those claims which the financial institution could not successfully pursue prior to its failure. As such, the receiver's right to sue within the statute of limitations period is inherent in its

possession of the instruments at issue and would thus be among the "'rights, remedies and benefits which are incidental to the thing assigned,'" WAMCO, 856 F.Supp. at 1086, and not merely a right "'personal to the assignor and for [its] benefit only.'" Id. (citation omitted).

For these reasons, we will reverse the order of the trial court dismissing the motion for judgment and remand the case for further proceedings.

Reversed and remanded.