OPINION OF THE COURT
Per Curiam.
Judgment entered December 5,1995 reversed, with $30 costs, *858 defendant’s motion denied, and complaint reinstated. Defendant’s time to serve an answer is extended until 20 days after service upon him of this decision and order, with notice of entry.
The issue framed for decision is whether an assignee of a promissory note from the Resolution Trust Corporation (Resolution) is entitled to the benefit of the six-year Statute of Limitations available under Federal law* to Resolution when it acts as receiver.
The facts are few and, for purposes of this appeal, undisputed. In June 1986, defendant executed a promissory note for $79,500 to Pacific Savings Bank (Pacific) in California. Defendant failed to tender the final installment ($12,972) payable under the terms of the note when it became due on April 1, 1991. Pacific was placed into receivership at some point prior to July of 1991, with Resolution appointed as its receiver. In or about February 1995, Resolution assigned defendant’s note to plaintiff National Enterprises, Inc., a California-based corporation. In May 1995, after defendant refused to pay, plaintiff brought this action seeking recovery of the outstanding loan amount plus interest.
In lieu of answering, defendant moved to dismiss pursuant to CPLR 3211 (a) (5), asserting that the action was time barred under California’s four-year contract Statute of Limitations (Cal Code Civ Proc § 337 [1]). Civil Court agreed and dismissed the action as untimely, holding that the six-year Federal limitations period "is personal to the Resolution Trust Corporation suing as receiver or conservator * * * [and] does not inure to the benefit of plaintiff assignee which does not enjoy that status.” On plaintiff’s appeal, we reverse and reinstate the complaint.
The overwhelming majority of Federal and State courts that have considered the question have concluded that an assignee of a Federally chartered receiver or conservator may invoke the six-year Federal Statute of Limitations in enforcing its right to collect a debt (see, e.g., Federal Deposit Ins. Corp. v Bledsoe, 989 F2d 805 [5th Cir]; United States v Thornburg, 82 *859 F3d 886 [9th Cir]; Federal Fin. Co. v Hall, 108 F3d 46 [4th Cir, applying Va law]; Mountain States Fin. Resources Corp. v Agrawal, 777 F Supp 1550 [WD Okla]; Cadle Co. v Lewis, 254 Kan 158, 864 P2d 718, cert denied 511 US 1053; Union Recovery Ltd. Partnership v Horton, 252 Va 418, 477 SE2d 521; Twenty First Century Recovery v Mase, 279 Ill App 3d 660, 665 NE2d 573; Tivoli Ventures v Bumann, 870 P2d 1244 [Colo]; Sarasota, Inc. v Griffiths, 1996 WL 724097 [Conn Super Ct, Dec. 3, 1996, Meadow, J.]; cf., WAMCO, III, Ltd. v First Piedmont Mtge. Corp., 856 F Supp 1076 [ED Va]). As the Supreme Court of Virginia recently stated in the parallel circumstances presented in Union Recovery Ltd. Partnership v Horton (252 Va, at 424, 477 SE2d, at 524, supra): "The extended statute of limitations is merely a mechanism for providing the receiver with an adequate time to pursue those claims which the financial institution could not successfully pursue prior to its failure. As such, the receiver’s right to sue within the statute of limitations period is inherent in its possession of the instruments at issue and would thus be among the ' "rights, remedies and benefits which are incidental to the thing assigned,” ’ WAMCO, 856 F.Supp. at 1086, and not merely a right ' "personal to the assignor and for [its] benefit only.” ’ ”
The widely accepted position that the Federal limitations period extends to Resolution’s assignees accords with the traditional common-law rule that an assignee acquires all the rights and obligations of its assignor (see, e.g., Matter of Nunez, 226 NY 246, 251; see also, 6 NY Jur 2d, Assignments, § 55, at 292-293), and furthers the strong public interest in promoting the efficient recovery of the assets of failed Federally insured financial institutions. "To hold that assignees are relegated to the state statutes of limitations would serve only to shrink the private market for assets of failed banks. It would require [Resolution] to hold onto and prosecute all notes for which the state statute of limitations had expired because such obligations would be worthless to anyone else. This runs contrary to the policy of allowing [Resolution] to rid the federal system of failed bank assets.” (Sarasota, Inc. v Griffiths, 1996 WL 724097, 2, supra.)
Applying the six-year Federal limitations period here, plaintiff’s claim, which accrued at the earliest on April 1, 1991 (see, 12 USC § 1821 [d] [14] [B]), was timely interposed in May 1995.
Parness, J. P., McCooe and Freedman, JJ., concur.

 The relevant Federal Statute of Limitations is found at 12 USC § 1821 (d) (14) (A): "In general. Notwithstanding any provision of any contract, the applicable statute of limitation with regard to any action brought by the Corporation as conservator or receiver shall be — (i) in the case of any contract claim, the longer of — (I) the 6-year period beginning on the date the claim accrues; or (II) the period applicable under State law”.