◼ NATIONAL ENTERPRISES, INC., Respondent, v PAUL CACCIA, Appellant. [675 NYS2d 350] —Order of the Appellate Term of the Supreme Court, First Department, entered April 7, 1997, which, in an action by plaintiff assignee to recover on a promissory note made by defendant and endorsed over to a bank that

was subsequently placed in receivership with the Resolution Trust Corp., reversed a judgment of the Civil Court, New York County (Bernard Fuchs, J.), entered December 5, 1995, granting defendant's motion to dismiss the complaint as barred by the Statute of Limitations, and reinstated the complaint, unanimously affirmed, with costs and disbursements.

Had the Resolution Trust Corp. sued on the note itself instead of assigning it to plaintiff, the six-year Statute of Limitations of 12 USC § 1821 (d) (14) (A) (i) would have applied. New York law, which is applicable (*see, Federal Fin. Co. v Hall*, 108 F3d 46, 50 [4th Cir], *cert denied* 522 US 858), provides that the "[t]ransfer of an instrument vests in the transferee such rights as the transferor has therein" (UCC 3-201 [1]).

Accordingly, the right to benefit from the Federal limitations period was among the rights that were transferred to plaintiff upon assignment of the note by Resolution Trust (*cf., Federal Fin. Co. v Gerard*, 89 Wash App 445, 949 P2d 412; *National Enters. v Moore*, 948 F Supp 567 [ED Va]). Concur—Ellerin, J. P., Nardelli, Wallach, Rubin and Tom, JJ. *[See,* 172 Misc 2d 857.]