■ GIRARD SAVINGS BANK, FSB, Respondent, v JACOB GUREWICH et al., Appellants, et al., Defendants. [694 NYS2d 349] —Order, Supreme Court, New York County (Luis Gonzalez,

J.), entered July 10, 1998, which, *inter alia*, granted plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff sues as an assignee of a promissory note previously assigned by the Resolution Trust Corporation. Defendant, the note's maker, seeks to avoid liability upon the note on the ground that plaintiff's suit is time-barred pursuant to CPLR 213 by reason of the accrual provisions set forth in CPLR 203 (a). However, plaintiff, having taken the note as a successor in interest to the Resolution Trust Corporation, is entitled to the benefit of the Statute of Limitations set forth in 12 USC § 1821 (d) (14) (A) (i) (I) and in connection therewith the accrual provision set forth in 12 USC § 1821 (d) (14) (B) (i), pursuant to which its action is timely. Had the Resolution Trust Corporation sued on the note itself instead of assigning it, the Federal Statute of Limitations would have applied. New York law, which is applicable in determining the rights of Resolution Trust Corporation assignees (*see, Federal Fin. Co. v Hall*, 108 F3d 46, 50, *cert denied* 522 US 858), provides that the "[t]ransfer of an instrument vests in the transferee such rights as the transferor has therein" (UCC 3-201 [1]). The right to benefit from the Federal Statute of Limitations was, then, among the rights that were transferred upon assignment of the subject note by the Resolution Trust Corporation and, accordingly, it was also among the rights plaintiff ultimately received as a subsequent assignee of the note (*see, National Enters. v Caccia*, 252 AD2d 398). Concur—Nardelli, J. P., Williams, Wallach, Lerner and Andrias, JJ.