■ NATIONAL LOAN INVESTORS, L.P., Respondent, v HARENDRA MEHTA, Appellant, et al., Defendants. [726 NYS2d 560] —Order and judgment, Supreme Court, New York County (Charles Ramos, J.), entered June 7, 2000 and June 27, 2000, respectively, which, to the extent appealed from as limited by the brief, granted the motion of plaintiff National Loan Investors, L.P. for summary judgment upon its claim for payment of a defaulted note as against defendant Harendra Mehta, and awarded plaintiff the total amount of $5,683,021.20 against Harendra Mehta, unanimously affirmed, with costs.

Plaintiff sues as assignee of a promissory note previously assigned by the Resolution Trust Corporation. Defendant Harendra Mehta, an unconditional guarantor on the note, seeks to avoid liability on the grounds, *inter alia*, that plaintiff's suit is time-barred, and precluded by order of the United States Bankruptcy Court. However, plaintiff, having taken the note as a successor in interest to the Resolution Trust Corporation, is entitled to the benefit of the Federal Statute of Limitations set forth in 12 USC § 1821 (d) (14) (A) and (B), pursuant to which the action is timely (*see*, *National Enters. v Caccia*, 252 AD2d 398). The applicable Federal statute provides for an extended six-year statutory period for any action brought by the Resolution Trust Corporation as receiver, and provides that the date on which the statutory period begins to run "shall be the later of" the date of the appointment of the corporation as conservator or receiver, or the cause of action's accrual. Accordingly, the motion court correctly determined that the statutory period began to run on March 26, 1992, the date of the Resolution Trust Corporation's appointment as receiver and the later of

the two relevant dates under the statute. Had the Resolution Trust Corporation itself sued on the note, its commencement of the instant action on March 20, 1998 would have been timely, and inasmuch as UCC 3-201 (1) provides that "[t]ransfer of an instrument vests in the transferee such rights as the transferor has therein," the right to benefit from the Federal Statute of Limitations was among the rights transferred upon assignment of the note to plaintiff, rendering its commencement of this action on March 20, 1998 timely (*see, Girard Sav. Bank v Gurewich*, 262 AD2d 139).

The motion court correctly held that defendant-appellant was not entitled to a bankruptcy stay since the bankruptcy petition upon which appellant's entitlement to a stay had been premised was dismissed.

We have considered defendant's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Ellerin, Wallach, Rubin and Buckley, JJ.