Present:   All the Justices

LONG, LONG & KELLERMAN, P.C., et al.

                        OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 020033             November 1, 2002

STEVEN L. WHEELER, ET AL.

           FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    Wilford Taylor, Jr., Judge

                              I.

     In this appeal, we consider whether an assignee of a deed

of trust is subject to the 20-year statute of limitations

contained in Code § 8.01-242 even though the assignor of the

deed of trust is a federal agency which, had it sought to

enforce the deed of trust, would not have been subject to this

statute of limitations.

                              II.

     The relevant facts are not in dispute.  On September 30,

1980, Steven L. Wheeler and Myrna C. Wheeler conveyed certain

real estate by deed of trust to secure their personal guaranty

of payment of a promissory note between Southern Furniture

Warehouse, Inc., and the Administrator of the Small Business

Administration.  The deed of trust does not contain a maturity

date of the debt that it secures, and paragraph 16 of the deed

of trust states that the "instrument is to be construed and

enforced in accordance with applicable Federal law."  The deed

of trust was recorded in the Clerk's Office of the Circuit Court for the City of Hampton on that date.

An event of default occurred regarding payment of the promissory note. The Small Business Administration made a demand upon the Wheelers to honor their guaranty in 1982. The agency made a second demand and threatened to foreclose on the deed of trust in April 2000. Subsequently, the Small Business Administration assigned the deed of trust to LPP Mortgage, Ltd., which substituted Long, Long & Kellerman, P.C., as trustee of the deed of trust (hereinafter "the trustee"). The trustee notified the Wheelers by letter dated July 20, 2001, that it intended to initiate foreclosure proceedings. Subsequently, the trustee initiated a foreclosure proceeding in 2001, more than 20 years after the date of the Wheelers' deed of trust.

The Wheelers initiated a proceeding to enjoin the sale of the property under the deed of trust. The circuit court entered a decree temporarily enjoining the sale of the property, and the court ultimately ruled that the trustee's action to enforce the deed of trust was barred by the statute of limitations provided in Code § 8.01-242. The court subsequently entered a decree that permanently enjoined the trustee from selling the property. The trustee appeals.

III.

Title 28 U.S.C. § 2415 (2002) describes the limitation period that governs specified causes of action filed by the United States or its agencies.[1]  Section 2415(a) provides that a contract action for money damages filed by the United States or its agencies is barred unless the contract action is filed within six years after the right of action accrues.  Section 2415(b) requires, among other things, that the United States or its agencies file a tort action for money damages within three years after the right of action first accrues.  Section 2415(c) states that "[n]othing herein shall be deemed to limit

---

[1] Title 28 U.S.C. § 2415 states in part:

"(a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later . . . .
"(b) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues . . . .
"(c) Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property."

the time for bringing an action to establish the title to, or right of possession of, real or personal property."

In contrast, Code § 8.01-242 enacted by the General Assembly states in part:

> "No deed of trust or mortgage given to secure the payment of money, other than credit line deeds of trust described in § 55-58.2, and no lien reserved to secure the payment of unpaid purchase money, in which no date is fixed for the maturity of the debt secured by such deed of trust, mortgage, or lien, shall be enforced after twenty years from the date of the deed of trust, mortgage, or other lien."

The trustee contends that the federal government and its agencies are immune from statutes of limitations unless Congress has explicitly provided a limitations period. We agree.

We recognize that Code § 8.01-242 cannot bar a federal agency, such as the Small Business Administration, from initiating foreclosure proceedings on real property. The federal government and its agencies are not bound by statutes of limitations unless Congress explicitly states otherwise. The rationale for this doctrine arises from the common law rule – nullum tempus occurrit regi – that the sovereign is immune from the operations of statutes of limitations. This rule is necessary because it insures that property rights vested in the government are not vitiated due to the negligence of the government's agents or employees upon whom government must rely. Government should not lose its

4

ownership rights in real and personal property simply because a government employee or agent neglects to take legal action to protect the government's property interests.  As the Supreme Court has observed:

> "The true reason [for the rule nullum tempus occurrit regi] is to be found in the great public policy of preserving the public rights, revenues, and property from injury and loss, by the negligence of public officers.  And though this is sometimes called a prerogative right, it is in fact nothing more than a reservation, or exception, introduced for the public benefit, and equally applicable to all governments."

Guaranty Trust Co. v. United States, 304 U.S. 126, 132 (1938) (quoting United States v. Hoar, 26 F. Cas. 329, 330 (1821)). See Brock v. Pierce County, 476 U.S. 253, 260 (1986); Stanley v. Schwalby, 147 U.S. 508, 515 (1893); United States v. Nashville, Chattanooga & St. Louis Ry. Co., 118 U.S. 120, 125 (1886); see also United States v. Alvarado, 5 F.3d 1425, 1427-28 (11th Cir. 1993); United States v. City of Palm Beach Gardens, 635 F.2d 337, 339-40 (5th Cir.), cert. denied, 454 U.S. 1081 (1981).

The trustee argues that Congress has established a federal statute of limitations for foreclosures in 28 U.S.C. § 2415(c).  The trustee relies upon the following language in this statute:  "Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or

5

right of possession of, real or personal property."  We disagree with the trustee.

Contrary to the trustee's contention, this language does not create a statute of limitations for foreclosure proceedings.  A statute of limitations for a civil case is commonly defined as a "statute establishing a time limit for suing in a civil case, based on the date when the claim accrued."  Black's Law Dictionary 1422 (7th ed. 1999).  Generally, a statute of limitations prescribes a period of time in which the person with a cause of action must file pleadings to enforce that cause of action or the right of action may be defeated if the party against whom the cause of action has been filed asserts the statute of limitations as a bar.

We hold that Title 28 U.S.C. § 2415(c) is not a statute of limitations for the United States and its agencies.  Rather, the statute makes clear that the United States' and its agencies' rights to file proceedings to establish title to, or right of possession of, real or personal property are not affected by the six- and three-year statutes of limitations provided in § 2415(a) and (b).  Furthermore, § 2415(c) does not establish a time limit within which the federal government or its agencies must assert any rights against another entity.  Indeed, federal courts have concluded

that Congress has not enacted in § 2415 a statute of limitations that bars the United States or its agencies from instituting foreclosure proceedings.  Alvarado, 5 F.3d at 1429-30; United States v. Thornburg, 82 F.3d 886, 894 (9th Cir. 1996); Farmers Home Admin. v. Muirhead, 42 F.3d 964, 966 (5th Cir. 1995); Westnau Land Corp. v. U.S. Small Bus. Admin., 1 F.3d 112, 115-17 (2d Cir. 1993); United States v. Ward, 985 F.2d 500, 501 (10th Cir. 1993).

The trustee argues at length in its brief that "[t]he federal law of limitations, not state law, controls" the resolution of this appeal.  However, as we have already concluded, there is no federal statute of limitations that prescribes a time period in which the federal government or its agencies must file a proceeding to foreclose on a deed of trust.[2]  We note that the trustee correctly admitted in his memorandum filed in the circuit court that "Congress has not explicitly declared any federal statute of limitations for cases of this nature."

---

[2] The Supreme Court held in United States v. Kimbell Foods, Inc., 440 U.S. 715, 726-27 (1979), that federal law, not state law, governs disputes concerning the federal government's rights arising out of its participation in nationwide loan programs.  In this case, however, the rights of the federal government are not implicated.  Rather, the issue we consider is whether a private entity that is an assignee of a deed of trust that was formerly owned by an agency of the federal government, may be subjected to a state statute of limitations.

7

The trustee, relying upon our decision in Union Recovery Ltd. P'ship v. Horton, 252 Va. 418, 477 S.E.2d 521 (1996), cert. denied, 520 U.S. 1167 (1997), argues that as an assignee of a federal agency, the trustee "stands in the shoes of the federal assignor and is not barred from foreclosing by virtue of any Virginia statute of limitations."  Therefore, the trustee argues that the circuit court erred by applying Code § 8.01-242, a state statute of limitations, to bar the claim of an assignee of a federal agency.  We disagree.

In Union Recovery, we considered whether an assignee of a promissory note from the Resolution Trust Corporation was entitled to the benefit of the statute of limitations available under federal law to the Resolution Trust Corporation.  The Resolution Trust Corporation was a receiver of an insured depository institution that originally held the note, and the assignee argued that it was not required to comply with the state statute of limitations that was shorter than the federal statute of limitations.  We held that the assignee was entitled to rely upon the federal statute of limitations.  We explained that

> "[t]he extended statute of limitations is merely a mechanism for providing the receiver with an adequate time to pursue those claims which the financial institution could not successfully pursue prior to its failure.  As such, the receiver's right to sue within the statute of limitations period is inherent in its possession of the instruments at issue and would thus be among the 'rights, remedies

8

and benefits which are incidental to the thing assigned,' and not merely a right 'personal to the assignor and for [its] benefit only.' "

252 Va. at 424, 477 S.E.2d at 524 (quoting WAMCO, III, Ltd. v. First Piedmont Mortgage Corp., 856 F. Supp. 1076, 1086 (E.D. Va. 1994)).

Unlike the circumstances in Union Recovery, in which Congress specifically created a federal statute of limitations, in the case presently before this Court, Congress has not created an applicable federal statute of limitations that governs a foreclosure proceeding initiated by the federal government or its agencies. Additionally, in this case, the rationale underlying the rule that the federal government is immune to the operation of statutes of limitations would not be served by permitting a private assignee to enjoy perpetual immunity from a statute of limitations for a purely private benefit. Thus, we hold that the trustee is not entitled to the immunity afforded to the federal government and its agencies from statutes of limitations.

We further hold that the 20-year statute of limitations contained in Code § 8.01-242 is controlling in this case. The deed of trust at issue in this case did not contain a maturity date and was executed by the Wheelers on September 30, 1980. The trustee initiated foreclosure proceedings more than 20

years from the date of the deed of trust and, therefore, the trustee's action is barred.

IV.

In view of the foregoing, and finding no merit in the trustee's remaining contentions, we will affirm the decree of the circuit court.

Affirmed.

CHIEF JUSTICE CARRICO, with whom JUSTICE KINSER and JUSTICE LEMONS join, dissenting.

I would reverse the judgment of the trial court. The deed of trust in this case states that it "is to be construed and enforced in accordance with applicable Federal law." (Emphasis added.) The majority opinion notes that the substituted trustee under the deed of trust correctly stated the applicable federal law when it said in its memorandum filed in the circuit court that "'Congress has not explicitly declared any federal statute of limitations for cases of this nature, and thus, time does not run against the sovereign, or its assignees.'" Slip op. at 7. (Emphasis added.) LPP Mortgage, Ltd., an appellant here, is the assignee of the Administrator of the Small Business Administration, the beneficiary under the deed of trust.

"[A]n assignee obtains his rights from the assignor, and, thus, he is said to 'stand in the shoes' of the assignor when

10

pursuing an action on the contract or instrument assigned." Union Recovery Ltd. P'ship v. Horton, 252 Va. 418, 423, 477 S.E.2d 521, 523 (1996). The right to enforce the contract or instrument is one of the "'rights, remedies and benefits which are incidental to the thing assigned' . . . and not merely a right 'personal to the assignor and for [its] benefit only.'" Id. at 424, 477 S.E.2d at 524 (quoting WAMCO, III, Ltd. v. First Piedmont Mortgage Corp., 856 F.Supp. 1076, 1086 (E.D. Va. 1994)).

In Horton, the assignee of a promissory note in favor of the Resolution Trust Corporation sought a money judgment against the makers. This Court considered whether the assignee was entitled to the benefit of the longer federal statute of limitations available to Resolution Trust or was subject to the shorter state statute of limitations. This Court held that the assignee was entitled to the "longer limitations period." 252 Va. at 424, 477 S.E.2d at 524.

The majority seeks to distinguish Horton on two grounds. First, the majority says that in the circumstances reviewed in Horton, Congress specifically created a federal statute of limitations in 12 U.S.C. § 1821(d)(14)(A) and (B) on a contract claim while, here, Congress has not created an applicable federal statute of limitations that governs a foreclosure proceeding initiated by the federal government or

11

its agencies. However, Congress has specifically declared that "[n]othing [in 28 U.S.C. § 2415] shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property," § 2415(c), and the parties to this litigation agree that § 2415(c) applies to foreclosure proceedings brought by the federal government or its agencies.

It cannot make any possible difference legally or logically that § 2415(c) may not qualify as a statute of limitations. The fact that Congress has prescribed no limitation on the right of a federal agency to foreclose on a deed of trust but has imposed a limitation upon such an agency's right to recover a money judgment on a contract claim should not affect the right of an assignee to step into the shoes of the assignor in either case. Just as the assignee in Horton was entitled to benefit from the longer period prescribed in 12 U.S.C. § 1821, so too is the assignee in this case entitled to the benefit of the non-limitation provision of 28 U.S.C. § 2415(c).

The majority also seeks to distinguish Horton on the ground that permitting a private assignee to enjoy perpetual immunity from a statute of limitations for a purely private benefit would not serve the rationale underlying the rule that the federal government is immune to the operation of statutes

12

of limitations.  However, this involves a public policy matter that is solely within the province of Congress, and it has seen fit to enact § 2415(c) without any restriction upon those who may benefit from the absence of a limitation period applicable to federal foreclosures.

Moreover, we crossed the public policy bridge in Horton. We said there that, even without reference to the public policy that might be promoted, application of the common law permitting an assignee to stand in the shoes of the assignor "mandates the application of the longer [federal] limitations period," 252 Va. at 424, 477 S.E.2d at 524, which certainly benefited the private assignee involved in that case.  While the benefits to the private parties involved in Horton and this case might differ, the difference is in degree only, not in principle, and public policy is not implicated.  And, at this point, I repeat that this Court said in Horton that the right to enforce an instrument assigned by a federal agency to a private party is "among the rights, remedies, and benefits which are incidental to the thing assigned and not merely a right personal to the assignor and for [its] benefit only." Id. (Emphasis added) (internal quotation marks and citation omitted).

I find no principled distinction between Horton and the case at hand.  Accordingly, I would reverse the judgment of

the trial court and let the assignee stand in the shoes of the assignor to foreclose the deed of trust in question.