NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5038

CHARLES V. FARNSWORTH,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Charles V. Farnsworth, of Lompoc, California, pro se.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: United States Court of Federal Claims

Judge Thomas C. Wheeler

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5038

CHARLES V. FARNSWORTH,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-493, Judge Thomas C. Wheeler.

_____

DECIDED:  October 14, 2008

_____

Before NEWMAN, MAYER, and LOURIE, Circuit Judges.

PER CURIAM.

Charles Farnsworth appeals the judgment of the United States Court of Federal Claims dismissing his claim for failure to file before the expiration of the statute of limitations pursuant to 28 U.S.C. § 2501.  We affirm.

Farnsworth is a former Marine, serving from June 26, 1967 to November 19, 1968, at which point he was discharged for "misconduct based on his conviction by civil authorities of transporting a stolen automobile," and for admitting to "using LSD for two years."  He was incarcerated in the Federal Youth Center, Englewood, Colo., and alleges that the only notification he received from the military was a letter stating that he

was being considered for discharge. He claimed that to the best of his recollection, he had never been informed of the charges against him. He stated then that he was personally informed that he had received an undesirable discharge, but that he never received a copy of his discharge papers. However, by 1971, he had filed for a review of discharge, which was denied. Farnsworth admits receiving notice of this decision in 1973. Over the next 15 years, he made many requests for records of his military service, but filed no actions.

In 2007, Farnsworth filed a claim pro se in the Court of Federal Claims seeking back pay from the date of his discharge until he is legally retired or discharged. He alleged that he was not represented by "diligent, competent counsel," did not receive ample notice of the charges against him, and thus was denied due process. He argued that he had diligently sought his military records for 40 years, and therefore, the doctrine of equitable tolling should apply. The court dismissed his claim for failure to file within the six year statute of limitations set forth in 28 U.S.C. § 2501. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

We agree with the Court of Federal Claims that Farnsworth's claim is barred by the statute of limitations. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. A claim accrues when all events have occurred that are necessary to enable the plaintiff to bring suit. Martinez v. U.S., 333 F.3d 1295, 1303 (Fed. Cir. 2003). In a military discharge case, the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge. In this case, that was on November 19, 1968, making this claim 39 years old at the time it was filed.

While one of the necessary events enabling a plaintiff to bring suit is notice, Farnsworth has admitted that he received notice he had been discharged at least by 1973. If he were able to produce a preponderance of evidence that he actually did not receive notice until that date, he would still have had only until that day in 1979 to file his claim. Therefore, because he filed this claim in the Court of Federal Claims in 2007, he is at least 28 years late.

Equitable tolling would not be available regardless of Farnsworth's attempts to secure his military records, because he had notice, he had not actively pursued his legal remedies during the statutory period, and he does not claim that he was induced or tricked by any alleged government misconduct in allowing the deadline to pass.