Charles V. FARNSWORTH, Plaintiff,

v.

**UNITED STATES, Defendant.**

No. 12–259C.

United States Court of Federal Claims.

Sept. 4, 2012.

Charles V. Farnsworth, Walla Walla, WA, pro se.

Christopher L. Krafchek, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were Jeanne E. Davidson, Director, Commercial Litigation Branch, and Stuart F. Delery, Acting Assistant Attorney General, Civil Division.

## ORDER

HORN, Judge.

On April 19, 2012, *pro se* plaintiff, Charles V. Farnsworth, filed a complaint in the United States Court of Federal Claims against the United States [1] seeking veteran's medical and disability benefits following his service in the United States Marine Corps, along with an Application to Proceed *In Forma Pauperis.* He amended his complaint on May 10, 2012, seeking additional relief in the form of court costs and attorney's fees, despite the fact that he had filed his complaint *pro se.* In addition, on June 22, 2012, plaintiff filed a motion for a temporary restraining order, requesting law library access and adequate legal supplies in order to further pursue his claims, and, on July 30, 2012, filed a motion, once again to amend his complaint. The most recent amendment requests that the court order him transferred from the Washington State Penitentiary to a secure Veteran's Administration (VA) hospital, but otherwise restates the issues raised in his earlier complaints and in his response to defendant's motion to dismiss.[2]

---

1. Although plaintiff filed his original complaint against the United States as defendant, his first amended complaint designates the National Personnel Records Center as defendant. Plaintiff's second amended complaint, however, once again designates the United States as defendant.

2. Plaintiff filed a previous lawsuit in this court on June 29, 2007. *See Farnsworth v. United States,* No. 1:07–CV–00493 (Fed.Cl. Jan. 22, 2008), *aff'd,* 296 Fed.Appx. 937 (Fed.Cir.2008). That case was dismissed by the trial court on January 22, 2008 as untimely due to the applicable statute of limitations. *See id.* The dismissal was affirmed by the United States Court of Ap-

Plaintiff states that he was a member of the United States Marine Corps from June 26, 1967 to November 18, 1968. He alleges that he was deployed to DaNang, Vietnam in November of 1967, where he served approximately ninety days before sustaining injuries that left him unconscious for three weeks. Plaintiff received an undesirable discharge from the Marine Corps on November 18, 1968. He is currently a prisoner at the Washington State Penitentiary in Walla Walla, Washington.

Since his discharge, plaintiff alleges that he has made "continuous requests" for his military records, which he believes would enable him to collect medical and disability benefits based on his time in the military. Plaintiff claims that in approximately 1973, in response to his inquiries, the National Personnel Records Center notified him that his records were destroyed by a fire. In a letter dated April 13, 2006, however, the National Personnel Records Center informed plaintiff that his records had not been destroyed, but that they had been "loaned out on a prior request" and never returned.

Plaintiff appears to have sent and received a regular flow of correspondence from the National Personnel Records Center, including Certifications of Military Service. The documents presented to the court in a poorly organized appendix to the motion to dismiss provided by defendant appear to indicate that the National Personnel Records Center sent plaintiff a notice of his missing records on October 2, 1987. Because the records were missing, however, this notice also stated that, instead, a Certification of Military Service was being furnished, which plaintiff could use as a "verification of military service and . . . for any official purpose." Plaintiff acknowledged receipt of the October 2, 1987 notice from the National Personnel Records Center in a letter dated May 15, 1988, but the letter characterizes the additional documentation he received as "a copy of my discharge." A letter from the National Personnel Records Center to plaintiff, dated June 29, 1988, states that plaintiff received a Certification of Military Service along with the October 2, 1987 notice. The only two Certifications of Military Service that appear in the record, however, were issued on June 30, 1988 and April 11, 2006.

Plaintiff alleges that defendant breached an express or implied contract when it "violated its duty . . . to maintain copies of his military records, or at least a record of the agency or person who checked out the records." Plaintiff claims that he "has been denied benefits for severe PTSD [post-traumatic stress disorder] related to his tour of duty in Vietnam," as a result of his inability to obtain records of his service in order to document he had served active duty for at least 180 days.

On July 18, 2012, defendant filed a perfunctory motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) (2012). Defendant argued that plaintiff's complaint should be dismissed because this court lacks subject matter jurisdiction over claims based on veteran's benefits. In the alternative, defendant concluded that plaintiff's claims "are barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501," because they accrued in 1973 when the National Personnel Records Center allegedly informed plaintiff that his records were destroyed. Although plaintiff's complaint, in fact, raises issues that are outside this court's jurisdiction, each plaintiff is entitled to serious consideration by both the court and the United States as defendant.

Plaintiff asserts that defendant violated an "express or implied contract made at the time of enlistment, to maintain copies of his military records," which he asserts violates a "substantive right" under the Contracts Clause of the United States Constitution and grants this court jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (Supp. V 2011). Plaintiff argues that the statute of limitations

peals for the Federal Circuit. *See Farnsworth v. United States*, 296 Fed.Appx. 937. Plaintiff alleges that Case No. 1:07–CV–00493, "while related to the present action, was filed on distinctly different grounds." In the 2007 complaint, plaintiff alleged wrongful discharge for failure to provide notice of the charges against him, inadequate counsel, and failure of the United States Marine Corps to give him a full opportunity to be heard, which violated his due process rights.

does not apply because his claims did not accrue until "about April 18, 2006," when he discovered a "breach of contract through the government's negligence" upon receiving notice that his records were lost, rather than destroyed. Plaintiff's response to defendant's motion to dismiss also indicates, for the first time, that, "plaintiff does not seek a substantive right of recovery against the United States for monetary damages, rather he seeks the court's assistance in allowing the Veteran's Administration [sic] assess his medical disability to acquire monetary relief if the VA approves it." Plaintiff also states that he is "requesting the court to order the VA to proceed as if documentation of 180–days of active duty had been provided," which he believes would entitle him to receive medical and disability benefits. Plaintiff's further asserts that his claim "is not based upon veteran's pensions or benefits, but is requesting assistance in a just determination from the VA due to Governmental negligence."

## DISCUSSION

■ As an initial matter, plaintiff may not proceed *in forma pauperis* in this case because at least three other federal courts have dismissed previous causes of action filed by this plaintiff for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g) (2006). In addition, plaintiff has failed to include the required prison trust fund account statement in his Application to Proceed *In Forma Pauperis*. *See* 28 U.S.C. § 1915(a)(2). In order to provide access to this court to those who cannot pay the filing fees mandated by RCFC 77.1(c), the statute at 28 U.S.C. § 1915 permits a court to allow plaintiffs to file a complaint without payment of fees or security, under specific circumstances. The standard in 28 U.S.C. § 1915(a)(1) for *in forma pauperis* eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and therefore, whether to allow a plaintiff to proceed *in forma pauperis* is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Rowland v. Cal. Men's Colony,* 506 U.S. 194, 217–18, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *Fuentes v. United States,* 100 Fed.Cl. 85, 92 (2011).

The statute denies *in forma pauperis* status to repetitive plaintiffs, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Dudley v. United States,* 61 Fed.Cl. 685, 686 (2004); *McLean v. United States,* 566 F.3d 391, 394 (4th Cir.2009); *Pettus v. Morgenthau,* 554 F.3d 293, 296 (2d Cir.2009).

Although not addressed by defendant, the court notes that in other cases filed by Mr. Farnsworth in federal courts, plaintiff has been barred from proceeding *in forma pauperis* under Section 1915(g).[3] *See, e.g.,*

---

3. Plaintiff appears to have filed, and in some instances appealed, cases over thirty times in the federal courts. *See Farnsworth v. United States,* No. 1:07–CV–00493; *see also Farnsworth v. Palmquist,* No. 2:12–CV–01257 (W.D.Wash. Aug. 15, 2012); *Farnsworth v. Sinclair,* No. 2:12–CV–05103 (E.D.Wash. July 30, 2012); *Farnsworth v. Chief Karr,* No. 3:10–CV–05586 (W.D.Wash. Nov. 1, 2010); *Farnsworth v. Palmquist,* No. 2:08–CV00851, 2009 WL 2406304 (W.D.Wash. Aug. 4, 2009); *Farnsworth v. Palmquist,* No. 2:08–CV–01672 (W.D.Wash. Apr. 21, 2009); *Farnsworth v. Espinoza,* No. 2:08–CV06765 (C.D.Cal. Mar. 31, 2009); *Farnsworth v. Sanders,* No. 2:08–CV–06762 (C.D.Cal. Mar. 31, 2009); *Farnsworth v.* *Bureau of Prisons,* No. 2:08–CV–05122 (C.D.Cal. Mar. 11, 2009); *Farnsworth v. Sanders,* No. 2:08–CV–05124 (C.D.Cal. Mar. 11, 2009); *Farnsworth v. Palmquist,* No. 2:08–CV–01315 (W.D.Wash. Feb. 3, 2009); *Farnsworth v. Palmquist,* No. 2:08–CV–00820, 2008 WL 5215946 (W.D.Wash. Dec. 15, 2008); *Farnsworth v. Sanders,* No. 2:08–CV–04979 (C.D.Cal. Sept. 4, 2008); *Farnsworth v. Young,* No. 2:08–CV–00594 (W.D.Wash. June 4, 2008); *Farnsworth v. Palmquist,* No. 2:07–CV–02085, 2008 WL 901810 (W.D.Wash. Mar. 31, 2008); *Farnsworth v. Palmquist,* No. 2:08–CV–00022 (W.D.Wash. Mar. 11, 2008); *Farnsworth v. Quinn,* No. 3:07–CV–05155, 2007 WL 2874976

*Farnsworth v. Palmquist*, 2008 WL 901810, at *2; *Farnsworth v. Pierce Cnty. Jail*, 2007 WL 1747169, at *2. As the record does not indicate or suggest that petitioner is "under imminent danger of serious physical injury," pursuant to 28 U.S.C. § 1915(g) plaintiff should likewise be barred from proceeding *in forma pauperis* in this court. *See* 28 U.S.C. § 1915(g).

Even if Section 1915(g) did not bar plaintiff from proceeding *in forma pauperis*, plaintiff's Application to Proceed *In Forma Pauperis* must be denied for failure to comply with the statutory requirements. In order to proceed *in forma pauperis*, a prospective plaintiff must submit "an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit must further "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id.* In addition, a prisoner must submit "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

■ A prisoner is " 'charged with knowing what forms are required,' " especially if the individual has previously filed applications to proceed *in forma pauperis*. *Resendez v.*

*United States*, 96 Fed.Cl. 283, 286 (2010) (quoting *Piskanin v. Court of Common Pleas of Lehigh Cnty. & all of its Judges*, 359 Fed.Appx. 276, 278 (3d Cir.2009)). Failure to submit a trust fund account statement is grounds for a court to deny a prisoner's *in forma pauperis* application. *See Resendez v. United States*, 96 Fed.Cl. at 286 (denying *pro se* plaintiff's Application due to failure to attach trust fund statement even though plaintiff made representations as to the amount contained in account); *Johnson v. United States*, 82 Fed.Cl. 150, 152 (denying *pro se* plaintiff's Application due to failure to include trust fund statement and required affidavit), *appeal dismissed*, 328 Fed.Appx. 636 (Fed.Cir.2008).

■ In the case currently before the court, plaintiff has submitted a deficient Application to Proceed *In Forma Pauperis* and should not be granted *in forma pauperis* status. Although plaintiff's Application indicates that he is currently incarcerated, unemployed, and has not received money from any source within the past twelve months, he has failed to attach a certified copy of his prison trust fund account statement, as required by 28 U.S.C. § 1915(a)(2).[4] Unlike the applicant in *Resendez*, plaintiff has not even made a representation to the court as to the amount contained in his trust fund account. This plaintiff previously has filed numerous applications to proceed *in forma pauperis* in other cases. *See, e.g., Farnsworth v. Palmquist,*

(W.D.Wash. Sept. 28, 2007); *Farnsworth v. Michaels*, No. 2:07–CV–00395, 2007 WL 2789284 (W.D.Wash. Sept. 24, 2007), *appeal dismissed*, No. 07–35828 (9th Cir. Mar. 20, 2008); *Farnsworth v. Pierce Cnty. Jail*, No. 3:07–CV–05035, 2007 WL 1747169 (W.D.Wash. Jun. 15, 2007); *Farnsworth v. Wash. State Supreme Court*, No. 2:07–CV–00204, 2007 WL 1655170 (W.D.Wash. June 7, 2007); *Farnsworth v. Pierce Cnty. Jail*, No. 3:07–CV–05036, 2007 WL 1060995 (W.D.Wash. April 6, 2007); *Farnsworth v. Wash. State Dep't of Corr.*, No. 3:07–CV–05034, 2007 WL 1060728 (W.D.Wash. April 6, 2007); *Farnsworth v. Wash. State Dep't of Corr.*, No. 2:07–CV–00206, 2007 WL 1101497 (W.D.Wash. Apr. 10, 2007); *Farnsworth v. Pierce Cnty. Sheriff*, No. 3:04–CV–05780 (W.D.Wash. Jan. 23, 2006), *appeal dismissed*, No. 05–35835 (9th Cir. Nov. 18, 2005); *Farnsworth v. Carter*, No. 3:05–CV05223 (W.D.Wash. Dec. 2, 2005); *Farnsworth v. Pierce Cnty.*, No. 3:05–CV–05177 (W.D.Wash. Aug. 15, 2005), *appeal dismissed*, No. 05–35846 (9th Cir. Jan. 9, 2006); *Farnsworth v. Carter*, No. 3:05–

CV–05139 (W.D.Wash. June 24, 2005); *Farnsworth v. Kennard*, No. 2:94–CV–00064 (D.Utah June 10, 2004), *appeal dismissed*, No. 05–4063 (10th Cir. Aug. 1, 2006); *Farnsworth v. Washington*, No. 3:04–CV–05224 (W.D.Wash. May 18, 2004); *Farnsworth v. Salt Lake Cnty. Jail*, No. 2:94–CV–00268 (D.Utah Mar. 30, 1999), *appeal dismissed*, No. 99–4068 (10th Cir. Aug. 3, 1999); *Farnsworth v. Glad*, No. 2:94–CV–00774 (D.Utah June 24, 1997), *appeals dismissed*, Nos. 97–4092, 97–4097 (10th Cir. Sept. 29, 1997); *Farnsworth v. Coburn*, No. 2:94–CV–00475 (D.Utah Aug. 24, 1994), *aff'd*, 46 F.3d 1150 (10th Cir.1995) (table); *Farnsworth v. Davis*, No. 2:94–CV00078 (D.Utah June 1, 1994), *aff'd*, 46 F.3d 1150 (10th Cir.1995) (table); *Farnsworth v. Edwards*, No. TH88–CV–00169 (S.D.Ind. Mar. 13, 1990), *aff'd*, 947 F.2d 948 (7th Cir.1991) (table).

4. Plaintiff also failed to comply with the Application's instruction to address whether any persons are dependent on plaintiff for support.

2008 WL 901810, at *2; *Farnsworth v. Pierce Cnty. Jail*, 2007 WL 1747169, at *2. Moreover, a prison trust fund account statement was included in his complaint filed earlier in the United States Court of Federal Claims in 2007, *see Farnsworth v. United States*, No. 1:07–CV–00493, which demonstrates that he understands what information is required to complete a proper *in forma pauperis* application.

■ Regardless, this court lacks subject matter jurisdiction over plaintiff's claims. When determining whether a complaint filed by a *pro se* plaintiff is sufficient to invoke review by a court, a *pro se* plaintiff is entitled to liberal construction of his or her pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977); *Wickliffe v. United States*, 102 Fed.Cl. 102, 106–07 (2011). However, "there is no 'duty [on the part] of the trial court … to create a claim which [plaintiff] has not spelled out in his [or her] pleading'…." *Scogin v. United States*, 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975)); *see also Bussie v. United States*, 96 Fed.Cl. 89, 94, *aff'd*, 443 Fed.Appx. 542 (Fed.Cir.2011); *Minehan v. United States*, 75 Fed.Cl. 249, 253 (2007). "While a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed.Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. at 9, 101 S.Ct. 173 and *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2002)); *Wickliffe v. United States*, 102 Fed.Cl. at 107.

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Navajo Nation*, 556 U.S. 287, 290, 129 S.Ct. 1547, 173 L.Ed.2d 429 (2009); *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *see also Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 875 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2007), *cert. denied*, 552 U.S. 1142, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008); *Palmer v. United States*, 168 F.3d 1310, 1314 (Fed.Cir.1999). In this case, plaintiff himself has indicated he "does not seek a substantive right of recovery against the United States for monetary damages," but instead seeks relief to assist with his veteran's benefits status.

■ The Secretary of Veteran's Affairs, not this court, initially has jurisdiction over claims for veteran's benefits. *See* 38 U.S.C. § 511(a) (2006). After seeking secondary review, a claimant may appeal the Secretary's decision to the Board of Veterans' Appeals. *See* 38 U.S.C. § 7104(a) (2006). A claimant then may appeal the Board's decision to the United States Court of Appeals for Veterans Claims, which has "exclusive jurisdiction" to review the Board of Veterans' Appeals' decisions. *See* 38 U.S.C. § 7252(a) (2006). Finally, a claimant may appeal a decision by the Court of Appeals for Veterans Claims to

the United States Court of Appeals for the Federal Circuit, and, if certiorari is granted, to the United States Supreme Court. *See* 38 U.S.C. § 7292(c) (2006). Given the comprehensive scheme for adjudication of veteran's benefit determinations, the United States Court of Federal Claims "is prohibited from reviewing VA benefit determinations." *Addington v. United States,* 94 Fed.Cl. 779, 782 (2010) (citing 38 U.S.C. § 511); *see also Sindram v. United States,* 130 Fed.Appx. 456, 458 (Fed.Cir.2005) (holding Section 511 "preempts" the jurisdiction of the United States Court of Federal Claims over claims for veteran's benefits).

Although in his multiple filings, plaintiff articulates his claims before this court in a variety of differing ways, in his response to defendant's motion to dismiss, plaintiff appears to recognize that his claim is more properly dealt with first by the Secretary of Veteran's Affairs and then by the VA and federal court appellate systems when he asks for "the court's assistance in allowing the Veteran's Administration [sic] assess his medical disability to acquire monetary relief if the VA approves it." Plaintiff also requests that the court order the VA to "assume plaintiff had 180–days active duty" in order to allow him to obtain medical benefits and requests that the court order "plaintiff's transfer from the Washington State Penitentiary to a secure VA hospital, or some reasonable substitute, for a determination of Plaintiff's disability and medical needs." Even granting the *pro se* plaintiff a liberal construction of his pleadings, Section 511(a) of Title 38 dictates that the VA, rather than this court, is the proper forum in which plaintiff should pursue his claims.

■ Furthermore, to the extent that plaintiff is seeking injunctive relief, the court has no jurisdiction over plaintiff's claims. Plaintiff seeks injunctive relief to direct the VA to assume plaintiff obtained 180 days of active duty, to transfer plaintiff from the Washington State Penitentiary to a VA hospital, to backdate any entitlement plaintiff may have to veteran's benefits to the date of his discharge, and to excuse plaintiff's lack of records in his attempt to prove that he is entitled to those benefits. As indicated by the

United States Court of Appeals for the Federal Circuit, "[a]lthough the Tucker Act has been amended to permit the Court of Federal Claims to grant equitable relief ancillary to claims for monetary relief over which it has jurisdiction, *see, e.g.,* 28 U.S.C. § 1491(a)(2), (b)(2), there is no provision giving the Court of Federal Claims jurisdiction to grant equitable relief when it is unrelated to a claim for monetary relief pending before the court." *Nat'l Air Traffic Controllers Ass'n v. United States,* 160 F.3d 714, 716 (Fed.Cir.1998); *see also United States v. King,* 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969) ("In the absence of an express grant of jurisdiction from Congress, we decline to assume that the Court of Claims has been given the authority to issue declaratory judgments."); *Pryor v. United States,* 85 Fed.Cl. 97, 103 (2008). In sum, this court cannot grant plaintiff the injunctive relief he seeks.

■ To the extent that plaintiff requests relief from conduct sounding in tort, the Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1343 (Fed.Cir.2008); *Alves v. United States,* 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (Fed.Cir. 1997); *Golden Pac. Bancorp v. United States,* 15 F.3d 1066, 1070 n. 8 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.), *cert. denied,* 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Hampel v. United States,* 97 Fed.Cl. 235, 238, *aff'd,* 429 Fed. Appx. 995 (Fed.Cir.2011), *cert. dismissed,* —— U.S. ——, 132 S.Ct. 1105, 181 L.Ed.2d 973 (2012); *Woodson v. United States,* 89 Fed.Cl. 640, 650 (2009); *McCullough v. United States,* 76 Fed.Cl. 1, 3 (2006), *appeal dismissed,* 236 Fed.Appx. 615 (Fed. Cir.), *reh'g denied* (Fed.Cir.), *cert. denied,* 552 U.S. 1050, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007); *Agee v. United States,* 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States,* 71 Fed.Cl. 732, 739, *aff'd,* 204 Fed.Appx. 885

(Fed.Cir.), *reh'g denied* (Fed.Cir. 2006). Any claim alleging negligence by government officials in recordkeeping or record retention raises a question of tortious conduct, which is not reviewable in this court.

■■■■■] Regarding defendant's argument that plaintiff's claims are barred by the statute of limitations, suits against the United States are subject to a six-year statute of limitations period. *See* 28 U.S.C. § 2501 (2006). Because the statute of limitations affects this court's subject matter jurisdiction, the requirement is strictly construed. *See John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 133–34, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008); *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1376–77 (Fed.Cir.1998); *Holloway v. United States,* 60 Fed.Cl. 254, 256 (2004), *aff'd,* 143 Fed. Appx. 313 (Fed.Cir.), *cert. denied,* 546 U.S. 876, 126 S.Ct. 389, 163 L.Ed.2d 173 (2005); *Martinez v. United States,* 48 Fed.Cl. 851, 857 (2001), *aff'd in part,* 281 F.3d 1376 (Fed. Cir.), *reh'g denied* (Fed.Cir. 2002); *Entines v. United States,* 39 Fed.Cl. 673, 678 (1997), *aff'd,* 185 F.3d 881 (Fed.Cir.) (table), *cert. denied,* 526 U.S. 1117, 119 S.Ct. 1766, 143 L.Ed.2d 796 (1999); *McDonald v. United States,* 37 Fed.Cl. 110, 113 (1997), *aff'd,* 135 F.3d 778 (Fed.Cir.1998) (table). The start date to begin a statute of limitations is " 'when all events have occurred which fix the liability of the Government and entitle the claimant to institute an action.' " *Floor-Pro, Inc. v. United States,* 680 F.3d 1377, 1381 (Fed.Cir.2012) (quoting *Goodrich v. United States,* 434 F.3d 1329, 1333 (Fed.Cir. 2006)); *see also Martinez v. United States,* 333 F.3d 1295, 1303 (Fed.Cir.2003) (en banc) ("when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment . . . .' " (quoting *Nager Elec. Co. v. United States,* 177 Ct.Cl. 234, 240, 368 F.2d 847, 851 (1966))), *cert. denied,* 540 U.S. 1177, 124 S.Ct. 1404, 158 L.Ed.2d 76 (2004); *Franconia Assocs. v. United States,* 240 F.3d 1358, 1362 (Fed.Cir. 2001), *rev'd on other grounds,* 536 U.S. 129, 122 S.Ct. 1993, 153 L.Ed.2d 132 (2002); *Alder Terrace, Inc. v. United States,* 161 F.3d at 1377; *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1577 (Fed.Cir. 1988); *Lins v. United States,* 231 Ct.Cl. 579,

582, 688 F.2d 784, 786 (1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 995 (1983); *Oceanic Steamship Co. v. United States,* 165 Ct.Cl. 217, 225 (1964); *Holloway v. United States,* 60 Fed.Cl. at 256. The statute of limitations for a particular plaintiff begins to "run from the date the plaintiff 'knew or should have known of the claim.' " *Oja v. Dep't of Army,* 405 F.3d 1349, 1358 (Fed.Cir.) (quoting *United States v. Beggerly,* 524 U.S. 38, 48–49, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998)), *reh'g and reh'g en banc denied* (Fed.Cir. 2005). A claim's accrual is " 'determined under an objective standard' " and plaintiff does not have to possess actual knowledge of all the relevant facts in order for a cause of action to accrue. *FloorPro, Inc. v. United States,* 680 F.3d at 1381 (quoting *Fallini v. United States,* 56 F.3d 1378, 1380 (Fed.Cir.1995), *cert. denied,* 517 U.S. 1243, 116 S.Ct. 2496, 135 L.Ed.2d 189 (1996)).

■■■] Based on the record before the court, plaintiff's claim accrued no later than the earliest date reflected in the record when the National Personnel Records Center issued plaintiff a Certification of Military Service, which identified plaintiff's name, number, initial date of enlistment, branch of service, and the date of discharge, as well as the type of discharge and plaintiff's last grade, rank, or rating. Defendant contends, however, that plaintiff's claims accrued in 1973 when Mr. Farnsworth was informed that a fire had destroyed his records. Without his service record or an official alternative such as a Certification of Military Service, it might have been difficult for plaintiff to proceed regarding his discharge and benefits. Plaintiff's claim, however, accrued no later than, either October 2, 1987, when the record reflects he received a communication which states that his record "does not contain a copy of a Report of Separation, or its equivalent. Therefore, we are instead furnishing the *attached* NA Form 13038, Certification of Military Service. This will serve as verification of military service and may be used for any official purpose" (emphasis added), or no later than June 30, 1988 when the National Personnel Records Center issued the first Certification of Military Service which is in the record, stating on its face

that it may "serve as verification of military service and may be used for any official purpose." Therefore, the latest the statute of limitations began to run was after a Certification of Military Service was issued in June 1988, long before six years from the date plaintiff filed his complaint on April 19, 2012.

Despite the 1987 and 1988 Certifications of Military Service, which plaintiff does not address, plaintiff alleges that his claim did not accrue until "about April 18, 2006" when plaintiff alleges he learned of defendant's breach of an express or implied contract to maintain his records. Plaintiff's original complaint in the case currently before the court, however, was filed on April 19, 2012, one day after the statute of limitations would have expired, even using plaintiff's April 18, 2006 date. Although plaintiff included the word "about" before his choice of April 18, 2006, he nonetheless chose to cite to April 18, 2006 as the day he received notice that his records were lost. Not only does this court lack subject matter jurisdiction over plaintiff's claims, but the applicable statute of limitations, which accrued no later than 1987 or 1988, also bars jurisdiction to review plaintiff's claims.

## CONCLUSION

Plaintiff's Application to Proceed *In Forma Pauperis* is **DENIED.** Plaintiff should also take note that even if he had paid the filing fee, defendant's motion to dismiss would have been granted for lack of subject matter jurisdiction and for failure to comply with the applicable statute of limitations. Plaintiff's complaint is **DISMISSED** and the clerk of the court shall enter **JUDGMENT** consistent with this Order. The Clerk of the Court is directed not to file further complaints from this plaintiff without the necessary filing fee.

IT IS SO ORDERED.